UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MARK D. BLAIR ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 3:01-cv-183 |
| ) | 3:00-cr-028 |
| ) | *Jarvis* |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Mark D. Blair ("Blair"). For the following reasons, the § 2255 motion will be **DENIED** and this action will be **DISMISSED**.

I. Standard of Review

This court must vacate and set aside Blair's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, Blair "must show a 'fundamental defect which inherently results in a complete miscarriage of

justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the RULES GOVERNING SECTION 2255 PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS, the court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that Blair is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II.     Factual Background

Blair pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He was sentenced, as an armed career criminal under 18 U.S.C. § 924(e), to the minimum mandatory term of imprisonment of 180 months. He did not appeal his sentence. In support of his § 2255 motion to vacate sentence, Blair alleges that he received ineffective assistance of counsel because his attorney failed to file a notice of appeal. He also alleges that his attorney failed to object to the § 924(e) enhancement at sentencing and on appeal, and, as a result, he was improperly subjected to an enhanced sentence.

2

II.  Discussion

In *Strickland v. Washington*, 466 U.S. 668 (1984) the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), Blair must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id*. at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

The punishment for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) is imprisonment for "not more than 10 years." 18 U.S.C. § 924(a)(2). Under the Armed Career Criminal Act (ACCA), however, there is a minimum mandatory term of imprisonment of fifteen (15) years for a person convicted of violating 18 U.S.C. § 922(g)

who has three prior convictions for a violent felony or serious drug offense. *Id*. § 924(e)(1). A violent felony is "any crime punishable by imprisonment for a term exceeding one year," "that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id*. § 924(e)(2)(B).

    Blair's written plea agreement specifically provided, in pertinent part:

> The maximum statutory penalty to which the defendant will be exposed by virtue of his guilty plea, to count one of the Indictment, to being a felon in possession of a firearm as charged in the Indictment is a minimum mandatory term of imprisonment of fifteen years to life, a $250,000 fine, a term of supervised release of five (5) years, a mandatory assessment of $100, and the forfeiture of the firearm referred to in the indictment (pursuant to 18 U.S.C. § 3665).

[Criminal Action No. 3:00-cr-28, Court File No. 15, Plea Agreement, p. 2, ¶ 2].

    By signing the plea agreement, Blair acknowledged that he was facing a minimum mandatory term of imprisonment of fifteen years; thus he was aware that he was subject to an enhanced penalty as a career offender and he agreed to the sentence. In addition, in the written stipulation of facts filed in support of the plea agreement, Blair acknowledged his prior criminal record:

> Mark Douglas Blair was convicted of the following offenses, each of which carry a maximum penalty exceeding one year:
>
> 1.     Felony conviction on February 16, 1999, for Evading Arrest out of the Criminal Court in Monroe County, Tennessee, in case number 98-289;

> 2. Sale of Schedule II drugs, conviction on January 3, 1989, out of the Criminal Court in Monroe County, Tennessee, in case number 87-354;
>
> 3. Aggravated Assault conviction on January 17, 1989, out of the Criminal Court in Monroe County, Tennessee, in case number 88-129;
>
> 4. Aggravated Assault conviction on January 17, 1989, out of the Criminal Court in Monroe County, Tennessee, in case number 88-200.

[*Id.*, Court File No. 16, Stipulation of Facts, pp. 2-3].

During sentencing, Blair again acknowledged that he was subject to enhanced punishment; he also acknowledged the accuracy of the presentence report.

> THE COURT: Mr. Blair, on May 9th of this year you pled guilty to a one count indictment in this case charging you with being a felon in possession of a firearm in violation of the law, right?
>
> MR. BLAIR: Yes, sir.
>
> THE COURT: In your case the maximum sentence for this crime is that you serve a mandatory minimum of 15 years up to life in prison and pay a fine of not more than $250,000 or both with a term of supervised release of five years. There is also a special assessment in the amount of $100. You understand that?
>
> MR. BLAIR: Yes, sir.
>
> THE COURT: Have you and your lawyer looked at the presentence investigative report prepared by your probation officer over here?
>
> MR. BLAIR: Yes, sir.
>
> THE COURT: Is that report accurate?
>
> MR. BLAIR: Yes, sir.
>
> THE COURT: You want to present any testimony or other information regarding any possible factual inaccuracy in that report, if any?

      MR. BLAIR: No, sir.

[*Id.*, Court File No. 26, Transcript of Proceedings, pp. 2-3].

      Blair now alleges that his conviction for evading arrest did not qualify as a "violent felony" for purposes of § 924(e), because it resulted from a police pursuit of Blair while he was operating a motor vehicle with suspended driving privileges. Blair pleaded guilty to a class D felony charge of evading arrest. Under Tennessee law, a person who attempts to flee or elude a law enforcement officer while operating a motor vehicle commits a class D felony if "the flight or attempt to elude creates a risk of death or injury to innocent bystanders or other third parties." TENN. CODE ANN. § 39-16-603 (b).

      Because Blair's conduct created a risk of death or injury others, it met the ACCA's standard of "a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). *See, e.g., United States v. Houston*, 187 F.3d 593 (6th Cir. 1999) (escape constitutes a predicate violent felony under the ACCA). Thus, it would have been futile for Blair's attorney to object to the § 924(e) enhancement, either at sentencing or on appeal, and her failure to do so was not ineffective assistance of counsel. *See Mathews v. United States*, 11 F.3d 583, 585 (6th Cir. 1993) (an attorney is not required to raise meritless issues on appeal); *United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990) ( failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel).

      Blair also claims his attorney failed to file a notice of appeal, despite his request to do so. He has attached as an exhibit to his § 2255 motion the affidavit of Tanya Moscatelli, in which she states that "immediately following the sentencing proceedings of Mark D. Blair,

I witnessed him (Blair) specifically instruct counsel to file an appeal." [Court File No. 2, Memorandum in Support of 28 U.S.C. § 2255 Motion, Exhibit 2, Affidavit of Tanya Moscatelli]. Blair does not state, however, what the basis of such an appeal would have been other than an objection to the § 924(e) enhancement.

In *Ludwig v. United States*, 162 F.3d 456 (6th Cir. 1998), the Sixth Circuit held that "failure to perfect a direct appeal, in derogation of a defendant's actual request, is a *per se* violation of the Sixth Amendment." *Id*. at 459. The Sixth Circuit emphasized, however, "that a defendant's actual 'request' is still a critical element in the Sixth Amendment Analysis. The Constitution does not require lawyers to advise their clients of the right to appeal." *Id*. *See also Regalado v. United States*, 334 F.3d 520, 524-526 (6th Cir. 2003) (failure to file an appeal is not ineffective assistance of counsel where attorney was not specifically instructed to do so).

As an exhibit to its response to the § 2255 motion, the government has filed the affidavit of Elizabeth B. Ford, Blair's counsel of record, who testifies as follows:

1.  I represented Mark Douglas Blair in criminal case number 3:00-CR-0028. An indictment was returned against Mr. Blair on February 16, 2000. Due to his prior convictions, Mr. Blair was subject to a mandatory minimum term of imprisonment of 15 years. With Mr. Blair's consent, I negotiated a cooperating plea agreement with the government which would allow Mr. Blair to earn a downward departure based on his substantial assistance to the government. Mr. Blair was sentenced on October 19, 2000 to 180 months (15 years) imprisonment which was to run concurrently with his state sentences in Knox and Monroe Counties. No appeal was filed.

2.  I have reviewed the motion to vacate sentence filed by Mr. Blair pursuant to 28 U.S.C. § 2255 in which he alleges ineffective assistance of counsel for failure to file a requested appeal. I have also reviewed the affidavit of Tanya Moscatelli which Mr. Blair attached to his

7
Case 3:01-cv-00183 Document 10 Filed 10/31/05 Page 7 of 9 PageID #: 9

> motion. Ms. Moscatelli alleges that she was present at a time when Mr. Blair requested me to file an appeal. I have no recollection of meeting an individual by the name of Tanya Moscatelli.
>
> 3. After reviewing the documents noted above, I reviewed my case file in this matter. At no time did Mr. Blair request me or anyone in my office to file an appeal in this case.

[Court File No. 5, United States' Response, Exhibit A, Affidavit of Elizabeth B. Ford].

It is clear from the record that Blair was aware of the sentence he was facing. The purpose for the plea agreement was to allow Blair to cooperate with the government in an effort to obtain a downward departure. At the time of sentencing, the government indicated that a downward departure for substantial assistance was still a possibility. [Criminal Action No. 3:00-cr-28, Court File No. 26, Transcript of Proceedings, pp. 3-4]. For that reason, the court finds Ms. Ford's testimony to be the more credible on the issue of whether Blair instructed her to file an appeal.

Ms. Ford does not state whether she consulted with Blair as to his right to appeal. The court sees no reason for her to have done so, however. As noted earlier, Blair was aware of the minimum mandatory sentence he was facing and that is the sentence he received. In addition, as agreed between Blair and the government, his federal sentence was ordered to begin on the date he entered federal custody and to be served concurrently with his pending state court convictions. [Criminal Action No. 3:00-cr-28, Court File No. 23, Judgment of Conviction, p. 2]. Under these circumstances, Blair has failed to state a claim of ineffective assistance of counsel under the standard established in *Strickland. See, e.g., Roe v. Flores-Ortega*, 528 U.S. 470, 479-480 (2000).

8
Case 3:01-cv-00183 Document 10 Filed 10/31/05 Page 8 of 9 PageID #: 10

IV.     Conclusion

Blair is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**.  This action will be **DISMISSED**.  In addition to the above, this court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous.  A certificate of appealability **SHALL NOT ISSUE**.  28 U.S.C. § 2253.

**AN APPROPRIATE ORDER WILL ENTER.**

                                                    *s/ James H. Jarvis*
                                           UNITED STATES DISTRICT JUDGE

9
Case 3:01-cv-00183   Document 10   Filed 10/31/05   Page 9 of 9   PageID #: 11